HEADEN *et al. v.* QUILLIAN *et al.*

A deed executed the fourth day of December, 1865, by which the grantor conveyed to E., his heirs and assigns, a tract of land in trust for the sole and separate use of H., the wife of the grantor, for and during her natural life or widowhood, and after her death to such children as she may have living by the grantor, with power in the said H. to empower the trustee, by writing under her hand, to sell any part or the whole of said trust estate, and to reinvest the proceeds by her written consent in such other property, subject to the above described trusts, as he shall deem most for the interest of said trust estate, authorized the trustee, on the 4th day of May, 1877, with the written consent of H., to sell and convey in fee simple the land described in the deed, one or more of the children at that time not having arrived at majority.

June 26, 1893.

Equitable petition. Before Judge HUTCHINS. Banks superior court. March term, 1892.

The plaintiffs are the children of B. V. Headen, and his wife Eliza C. Their father is dead, and their mother is living. Some time before his death, on December 4, 1865, their father executed a deed to M. Van Estes, by which, in consideration of love and affection for his wife, he conveyed to Van Estes, in trust for her, certain land described, for her sole and separate use during her life or widowhood, and after her death to such children as she might have living by her said husband, share and share alike. Plaintiffs allege, that by this deed Van Estes was made trustee for Mrs. Headen and no one else; that she took an estate for life or widowhood, and was clothed with power to empower Van Estes by writing to sell any part or all of said trust estate and reinvest the proceeds, by her written consent, in other property, subject to the trust; and that neither she nor Van Estes could legally sell or convey any larger estate than for her life or widowhood. In May, 1877, Van Estes, as trustee for her, executed a deed conveying in fee simple to one Owen part of the land, which con-

veyance purported to have the voluntary and unqualified written approval of Mrs. Headen. Owen went into possession, made various improvements, and afterwards sold to Quillian *et al.* Plaintiffs were not parties to these sales and conveyances in any way. The deed from their father was on record before either of the sales were made. They allege, that their estate in the property did not pass thereby; that neither Owen nor Quillian *et al.* were innocent purchasers; that the execution of the conveyances to Owen and Quillian *et al.* were frauds upon plaintiffs, etc. They pray for injunction, cancellation of the deeds to Owen and Quillian *et al.*, except as to the estate of Mrs. Headen in the property, etc. A copy of the deed from Headen to Van Estes was attached as an exhibit to the petition. By this deed the land was conveyed to Van Estes, his heirs and assigns, "in trust nevertheless for the sole and separate use of Eliza C. Headen, wife of the said Blakely V. Headen, for and during her natural life or widowhood, and after her death to such children as she may have living by her present husband, Blakely V. Headen, share and share alike, with power of the said Eliza C. Headen to empower the said M. V. Estes, by writing under her hand, to sell any part or the whole of said trust estate, and to reinvest the proceeds by her written consent in such other property, subject to the above described trusts, as he shall deem most for the interest of said trust estate; and with the power to the said Eliza C. Headen to appoint and choose by writing another trustee instead of the same M. Van Estes, whenever he the said M. V. Estes shall wish to resign said trust, or shall die leaving the same unfulfilled, or shall remove out of the limits of this State, without an order from court, said trustee so appointed taking said trusteeship subject to the trust limited." The petition was filed August 26, 1891. It does not aver the age of the petitioners, except as to

one of them, whom it states to be a minor suing by her next friend. It alleges that at the time of their father's death, December 6, 1872, they were all minors.

On demurrer the petition was dismissed.

W. L. MARLER, for plaintiffs.

W. I. PIKE and F. A. QUILLIAN, for defendants.

BLECKLEY, Chief Justice.

The contents of the deed on which this case depends are, so far as material, set out in the official report; and the words creating a power of sale are substantially recited in the head-note. It is of no consequence whether the trustee, as such, was invested with the legal title to the estate in remainder, beyond what is involved in a power to sell and convey in his own name, or whether the remainder in behalf of children was vested or contingent. It is clear that a power of sale was created, to be exercised by the trustee or not exercised by him at the election of Mrs. Headen, the tenant for life. She could only evidence her election for a sale by writing under her hand, but when this was done the power of sale was complete in the trustee, whether he had any title or not beyond what was necessary for executing this part of his trust. By the express terms of the deed, she could empower him "to sell any part or the whole of said trust estate, and to reinvest the proceeds by her written consent in such other property, subject to the above described trusts, as he shall deem most for the interest of said trust estate." There can be no rational doubt that by the terms "said trust estate," as an object of sale, the maker of the deed intended and understood the land itself which the deed conveyed. Whatever may be the correct legal construction of the conveyance with respect to the extent of the trust, it is quite certain he thought there was a trust for the children as well as for their mother, for in speaking by the

deed of reinvestment, he says "subject to the above described trusts." He evidently thought there was more than one trust. To hold that he contemplated restricting the power of sale to the estate for life would attribute to him a technical narrowness utterly strange to his thoughts and at complete variance with his real state of mind. He looked at the land as covered by a trust which could be contemplated as a double trust, one for his wife and one for his children, and he applied the word estate to the land itself—the thing that was the subject-matter of the trust, and might be, in whole or in part, the subject-matter of a sale. The power of sale was exercised in the lifetime of Mrs. Headen and with her written consent, manifested both by signing the deed herself jointly with the trustee, and annexing to it or indorsing upon it a declaration of her assent and approval. To this declaration she subscribed her name. It may or may not be of importance to add, that one of the children at least had not then arrived at majority, for one of them was a minor when the present suit was brought, and is represented in it by a next friend.          *Judgment affirmed.*