CUNNINGHAM *et al.* v. CALHOUN.

</div>

In a suit for land, where the plaintiffs relied for recovery upon an antenuptial contract wherein the intended wife conveyed her separate real estate, including the land in dispute, to the intended husband in trust, but the petition also alleged that the defendant claimed under a deed which was executed after the solemnization of the marriage by the husband, under order of court, purporting, as trustee, to convey the fee, but the antenuptial agreement was set forth in the petition, which, under a proper construction, created the intended husband trustee not only for the life-tenant but also for the remaindermen, it was not error

to dismiss the petition on general demurrer, the plaintiffs conceding that they could not recover unless the antenuptial agreement should be construed as restricting the trust to the life-estate only.

FEBRUARY 17, 1911.

Complaint for land. Before Judge Felton. Bibb superior court. November 1, 1909.

A. C. Cunningham and Annie Laura Cunningham instituted suit against A. D. Calhoun to recover a certain tract of land. The petition, as amended, showed affirmatively that the plaintiffs relied for title upon the provisions of an antenuptial indenture between their father and mother, whereby it was contended that an equitable estate for life, in trust, was created for their mother, with legal estate in remainder to themselves, in the land in dispute; also, that the defendant relied for title upon a deed executed by the trustee named in the antenuptial indenture, whereby, under order of court, he as trustee purported to sell and convey the entire estate in the property. The marriage was alleged to have taken place on the 2d day of January, 1859, and the marriage settlement to have been recorded September 15th, 1859; and the deed of the trustee was executed about the 20th of September, 1859. It was further alleged that the plaintiffs were the only children of the marriage, and that one of them was born in 1861, and the other in 1875. A copy of the record of the proceedings by the trustee for power to sell was attached to the petition for the alleged purpose of placing the whole case before the court for a decision. The judge sustained a general demurrer to the petition, and the plaintiffs assigned error. In their briefs in this court it was conceded by counsel for the plaintiffs that the only question now involved is the quantity of estate which was taken by the trustee under the antenuptial settlement; and that if by the terms of that agreement he took in trust title both to the life-estate and the remainder estate, the plaintiffs could not recover; it being insisted, however, that the trust did not extend to the remainder estate, and that the trustee was without power to deal with it. The agreement in question was as follows:

"Georgia, Bibb County. This indenture made and entered into the first day of January, 1859, between Mary Laura A. Carney and John Cunningham, of the County of Bibb and State aforesaid, witnesseth, that whereas a marriage by divine permission is shortly to be had and solemnized between the parties of these presents, and

whereas the said Mary Laura A. Cunningham [Carney?] is possessed in her own right of fifty acres of land, more or less, it being the share of her deceased father's estate and allotted to her in the distribution of his real estate lying and being in the fourth district of originally Houston, now Bibb county, also her interest in the lands assigned to her mother as dower of hers as widow of the deceased father of the said Mary Laura A., as well as all other property which she may inherit or in any way become entitled to; and the parties all being desirous to settle and secure to the said Mary Laura A. Carney the said property and rights of property to her sole and separate use for her natural life, and at her death to her children: Now, in consideration of said marriage and ten dollars in hand paid, the said Mary Laura A. Carney hereby settles and conveys to said John Cunningham, his heirs and assigns, all of the above-described property and rights of property. To have and to hold the same on the trusts and uses following, to say: first, to the sole and separate use of his said intended wife during her natural life, and at her death to her children then living or grandchildren, if any, to take one share in place and instead of the parent if the parent be dead at the period of distribution; and said John Cunningham binds himself to faithfully observe and keep this trust. In witness whereof the parties have hereto set their hands and seals; the word 'use' interlined before signing, sealing, and delivering.

<div align="right">

[Signed] John Cunningham, His Mark.

Mary Laura A. Carney.

</div>

"Signed, sealed, and delivered in our presence.

John Mitchell, J. P.    Johnathan McElhaney."

*S. B. Hatcher, M. F. Hatcher,* and *Richard Curd,* for plaintiffs.

*Hardeman, Jones, Callaway & Johnston,* for defendant.

ATKINSON, J. The assignment of error calls for the construction of the antenuptial agreement set forth in the statement of facts, and raises the question: Was John Cunningham trustee alone for the life-tenant, or was he trustee for both the life-tenant and the remaindermen? Nothing else is for decision. The instrument is in the form of a deed. "Every conveyance, properly executed, shall be construed to convey the fee, unless a less estate is mentioned and limited in such conveyance." Civil Code of 1895, § 3083. The property conveyed by the deed was the separate prop-

erty of the intended wife, which she had received as her share of her father's estate. She was about to assume the marital relation, whereby her real property, under the law as it then existed, before the married woman's act of 1866, might become absolutely the property of the intended husband by being reduced to his actual possession. To avoid that possible result, and to save the property for herself and any children which might in future be born as the issue of the marriage, was the express purpose which induced her to make the deed and the intended husband to accept it. It is clear, therefore, that her intention was to divest herself of the entire legal title. She reserved nothing to herself except an equitable life-estate; all other estate was conveyed to the intended husband. None of it was intended for his own use. This is the necessary inference from the express terms of the deed. How, then, did he, as grantee of the property, hold the other interests in it? It was recited that he was to "have and to hold" it on the "trusts and uses following, to say," thus indicating a plurality of trusts. One related to the life-estate reserved to the grantor; the other could only refer to the estate in remainder. Owing to the time at which the deed was made, and the law existing before the passage of the married woman's act of 1866, and the fact that the life-tenant was the grantor who sought to convey away all title in herself, except an equitable life-estate which she desired to reserve, and the fact that language was employed indicating a plurality of uses, we think the instrument, construed as a whole, reflects an intention to extend the trust to the remainder, and not restrict it merely to the life-estate. What is said also distinguishes the case from other cases on the subject heretofore decided by this court, in the great majority of which it has been held that the trustee was trustee for the life-estate only. *Vernoy* v. *Robinson*, 133 *Ga.* 653-61 (66 S. E. 928), and citations. It is unnecessary to discuss these cases further than to say that in no instance was it held that the trustee did not represent the remainder estate in a case where the instrument creating the trust expressly, or by necessary implication, provided that he should be trustee for the remainder estate. Upon this construction of the antenuptial indenture the judge properly sustained the demurrer to the petition.

<div align="center">*Judgment affirmed. All the Justices concur.*</div>