## WOODBERY *et al. v.* ATLAS REALTY COMPANY.

1. "Where the terms of a conveyance by deed to a trustee are large enough to embrace the fee in the premises described, and this fee is carved up into an estate for life in favor of one beneficiary and a remainder in behalf of other beneficiaries, who are uncertain and unascertained, the instrument should be construed as clothing the trustee with full title, and the title as to the remainder should be considered as abiding in him so long, at least, as the identical persons who are to take and enjoy it are not ascertainable. Up to that time, the trust is executory, and the remainder is an equitable, not a legal, estate."

2. There being a valid trust as to the entire fee, the removal of the trustee created a vacancy which the judge of the superior court was authorized to fill by the appointment of a successor at chambers. Civil Code (1910), § 3744; *Heath* v. *Miller*, 117 *Ga.* 854, 860 (44 S. E. 13).

3. The life-tenant, though one of the beneficiaries, was legally qualified to be trustee, at least for the other cestuis que trust, under the appointment of the judge of the superior court. Robertson *v.* De Brulatour, 188 N. Y. 301 (80 N. E. 938); Burbach *v.* Burbach, 217 Ill. 547 (75 N. E. 519); Losey *v.* Stanley, 147 N. Y. 560 (42 N. E. 8, 11); Lewin on Trusts, 41, § 17; 39 Cyc. 248 (3); Weeks *v.* Frankel, 197 N. Y. 304 (90 N. E. 969), and cases therein cited. For physical precedents see *Vernoy* v. *Robinson*, 133 *Ga.* 653 (4), 654 (66 S. E. 928); *Wadley* v. *LeCato*, 139 *Ga.* 177 (77 S. E. 47). In a deed where power is given to a trustee to sell the real estate with the written consent of the life-tenant, such consent is for the benefit of the life-tenant only, and as to such consent the life-tenant does not occupy a fiduciary position to the remaindermen. Farwell on Powers (3d ed.), 630; 2 Chance on Powers, 358, § 2430.

4. Where the contrary does not appear from the record, it will be presumed that the judge of the superior court, in removing such a trustee and in appointing a successor, acted with all necessary jurisdictional requisites. *Winn* v. *Lunsford*, 130 *Ga.* 436, 439 (61 S. E. 9). See *Lamar* v. *Pearre*, 82 *Ga.* 354 (4), 360 (9 S. E. 1043, 14 Am. St. R. 168).

5. The power of sale contained in the deed authorized the trustee to sell the entire estate in the land, and therefore the substituted trustee conveyed fee-simple title to her grantee under her deed of September 1, 1877.

No. 1046. FEBRUARY 12, 1919. REHEARING DENIED FEBRUARY 24, 1919.

Complaint for land. Before Judge Pendleton. Fulton superior court. April 11, 1918.

In September, 1858, Joseph F. Woodbery, "for and in consideration of the natural love and affection which he has and bears to and for his present and beloved wife, Mrs. R. Emma Woodbery," conveyed described land in the city of Atlanta to H. H. C. Holcombe in trust, "with all the rights, members, and appurtenances in any way or manner belonging, for the sole and separate use

and benefit of the said R. Emma Woodbery [wife of the grantor] during her natural life, . . and after her death to her children; but should there be no child or children, then to Josephine Frances Woodbery and William Albert Woodbery." The habendum clause was: "To have and to hold said property unto him, the said Hosea Henry C. Holcombe, in trust for the purposes mentioned, forever, with the right and power to the said trustee or his successor as trustee, by and with the written consent of said R. Emma Woodbery, as often as she and her trustee may think and deem best, to sell and reinvest the proceeds or to exchange the same and to execute titles therefor and to receive and accept titles, all to be done without any order for that purpose from the court. The trust property or trust fund is to remain and continue in trust for the sole and separate use and benefit of her, the said R. Emma Woodbery, for and during her natural life, . . and the trust property or trust fund, after the death of the said R. Emma Woodbery, to her children; but should there be no child or children or representative of said child or children, then to Josephine Frances Woodbery and William Albert Woodbery." At the date of the making of this conveyance there were no children born of the life-tenant. Between that date and the 28th of June, 1877, there had been born to the life-tenant and the grantor five children, three of whom were then above the age of 14 years, the other two being under that age. All of these children are plaintiffs in the present suit, except one who died without children prior to the death, in the year 1914, of the life-tenant. Holcombe, trustee, filed a petition to the judge of the superior court, praying that he be permitted to resign his trusteeship. The court granted an order directing service of the petition to be perfected on the beneficiaries of the trust estate, and appointing a guardian ad litem for the minors. Service was acknowledged by the life-tenant and three children above the age of 14 years. Those under 14 years were served by the sheriff. The guardian ad litem accepted the appointment as such, acknowledged service of the petition of Holcombe, answered that he knew of no reason why the prayers of the petition should not be granted, and consented to the same. An order was passed in open court, granting the petition and discharging Holcombe from the office of trustee.

A petition to the judge of the superior court was filed by the

three children above the age of fourteen years, reciting their interest in the property and their relation to the life-tenant and their arrival at years of discretion, and asking that R. Emma Woodbery be appointed as trustee instead of Holcombe, removed. Upon this petition, on July 31, 1877, at chambers, the court passed an order appointing a guardian ad litem for the two minors under 14 years of age, and directing service of the petition upon said guardian, and report to the court at chambers for further order. The guardian ad litem accepted the appointment, acknowledged service of this petition and order, and recommended that the petition be granted. The sheriff also personally served a copy of the last-named petition on the two children under 14 years. On August 31, 1877, the judge of the superior court passed an order appointing R. Emma Woodbery trustee in accordance with the petition, and requiring a bond, which was made and approved in accordance with the order. On September 1, 1877, R. Emma Woodbery, acting as trustee for her children, including all of the plaintiffs here, executed a deed conveying the land for which the plaintiffs have brought suit, and which by successive conveyances has passed to the defendant. The plaintiffs contend, that the interest of the children was a legal remainder, not an equitable estate; that the trust created by the deed did not extend to the remainder interest, but only to the life-interest, which became fully executed eo instanti upon the passage of the act of 1866; that after such date the trusteeship became functus officio as a matter of law; that no trust estate remained thereafter, and therefore no vacancy existed as to the trusteeship, and the proceedings in the superior court, including the order of the judge attempting to remove the original trustee and to appoint a successor, were void and of no effect; that the plaintiffs' legal remainder interest could not be asserted until after the death of the life-tenant; and that prescription could not begin to run against their interest until the life-estate terminated. The record shows that the defendant and its predecessors in title have been in possession of the property since the deed made by R. Emma Woodbery on September 1, 1877, above referred to.

On the trial below a verdict for the defendant was directed, and the plaintiffs excepted.

*W. W. Gaines* and *Westmoreland, Anderson & Smith,* for plaintiffs.

*Rosser, Slaton, Phillips & Hopkins,* for defendant.

GILBERT, J. (After stating the foregoing facts.)

1. In construing a deed the entire instrument must be looked at, and all parts construed together, in order to determine the intention of the maker, without special regard to the formal arrangement of the deed. The interpretation should be such as will effectuate the intention, and it is proper to seek for a rational purpose by construing the deed consistently with reason and common sense. If there is any doubt as to the real intention, an interpretation which plainly leads to injustice should be rejected, and one which conforms more to the meaning of the grantor, and does not produce unusual and unjust results, should be adopted. Williams *v.* Williams, 175 N. C. 160 (95 S. E. 157) ; Anderson *v.* Stuart (Ill.), 121 N. E. 198, 201 (5) and authorities cited; Civil Code (1910), § 4187.

In deeds, as in all other contracts, none of the words are to be considered as redundant, if a reasonable intendment can be given them. This deed would have completely conveyed an equitable interest in the life-estate, and constituted a trustee therefor, without that provision in the habendum clause to the effect that the trust property or trust fund is to remain and continue in trust for the benefit of the wife during her natural life, and after her death to her children. What was, therefore, the purpose of placing these additional words in the habendum clause? No legitimate purpose is conceivable except to provide for a continuance of the trust after the death of the wife, for it is specifically stated that the trust property or trust fund is to remain and continue in trust for the wife and after her death to her children. If not intended to have this effect, these words are meaningless and sheer surplusage. The deed conveys the land to the trustee in trust "for the sole and separate use and benefit of . . R. Emma Woodbery during her natural life, . . and after her death to her children," etc. The habendum clause provides that the trustee is to hold, "in trust for the *purposes* mentioned . . The trust property or trust fund is to remain and continue in trust for the sole and separate use and benefit of her, the said R. Emma Woodbery, for and during her natural life, . . and the trust property or trust fund, after the death of the said R. Emma Woodbery, to her children," etc. At the date of the making of this convey-

ance there were no children born of the life-tenant. It is to be noted that the grantor provides that the trustee is to hold the land for the *purposes,* thus indicating more than one purpose. *Cunningham* v. *Calhoun,* 135 *Ga.* 715, 718 (70 S. E. 574). The trust estate was not intended, under the deed, to vest automatically in the remaindermen upon the death of the life-tenant, but it was to continue in the trustee, who was to determine the persons entitled to receive it. The grantor contemplated that the real estate might be sold and at the death of the life-tenant might be in other real estate or in personal property. For that reason he provided that the trust property or trust fund was to "remain," meaning that it was to remain in trust and be held by the trustee, who was to deliver the same in a manner to be determined according to its then condition and character. Disregarding all technical rules, it seems clear that it was the intention of the grantor to create a trust in behalf of the remaindermen, as well as the wife, and that the trustee represented all of the interests, and that the trust continued executory until after the death of the wife, for until then the possibility of issue was not extinct. *In re Dougan,* 139 *Ga.* 351, 353 (77 S. E. 158, 48 L. R. A. (N. S.) 868, Ann. Cas. 1914B, 868); *Wadley* v. *LeCato,* 139 *Ga.* 177 (77 S. E. 47). When thus executory, the trust was not executed as to any of its objects by reason of the married woman's act of 1866. *Cushman* v. *Coleman,* 92 *Ga.* 772 (19 S. E. 46); *Riggins* v. *Adair,* 105 *Ga.* 727 (31 S. E. 743).

The deed in the *Cushman* case, just cited, was very similar to the deed under construction here. It conveyed land in trust for the sole and separate use of a married woman during her natural life, and at her death "in trust to be equally divided in trust between children in life at her death," etc. A difference between the two deeds is that the deed in this case provides that the trust property or trust fund remains and continues through the life-estate, and, after the death of the life-tenant, "to her children," if any. In the one deed the expression "equally divided in trust" is used, while the other refers to the property as the "trust property or trust fund" to "remain and continue in trust." As was said in the *Cushman* case, it must be said in the present case, that "full title passed out of" the grantor. "Where did it vest? Certainly, in the trustee, so far as the life-estate was concerned. The legal title in remainder could not immediately vest in the re-

maindermen, for the reason . . that it was not and could not be known, at the time the deed was executed, who they would be. The legal fee should never be held to be in abeyance except when necessary; and we therefore think the proper construction of the deed before us requires us to hold that it clothed the trustee with full title, and that as to the remaindermen it should be considered as abiding in him until, upon the death of the life-tenant, the identical persons who were to take and enjoy the remainder could be definitely ascertained. Up to that time, therefore, the trust was executory, and the remainder was an equitable, and not a legal, estate. This view, in our judgment, is perfectly consistent with good law and sound common sense. So long as the trust was executory, the trustee represented the entire trust estate and all the beneficiaries, and it was his right to sue for and recover the property from any and all persons who might be unlawfully in possession of it. If he suffered a prescriptive title to ripen against him and thus bar his right to recover, it is well settled by previous decisions of this court that the beneficiaries would likewise be barred." See *Jennings* v. *Coleman,* 59 *Ga.* 718, 720.

2-4. The second, third, and fourth headnotes need not be discussed. The authorities therein cited are sufficient elucidation.

5. The power of sale contained in the deed authorized the trustee to sell the entire estate in the land, and R. Emma Woodbery as trustee therefore conveyed fee-simple title to her grantee under her deed of September 1, 1877. Section 3754 of our Civil Code declares: "Where a trust deed, or other instrument, limits an estate in fee, for life or with remainders over, and in the same conveyance a power to sell, incumber, or otherwise dispose of the property is reserved or created, the power is to be construed to extend to a sale, incumbrance, or disposition of the fee, unless expressly or by necessary implication limited to a smaller estate." It is impossible to find in the language of the deed under construction any express or implied limitation of the estate to be sold; and it necessarily follows that it was the intention of the grantor to create a power to sell the fee-simple estate. *Headen* v. *Quillian,* 92 *Ga.* 220, 222 (18 S. E. 543). The trustee having the power of sale with the written consent of the life-tenant, the trust subsisted for that purpose. *Heath* v. *Miller,* 117 *Ga.* 854, 857-859 (44 S. E. 13); *Stiles* v. *Cummings,* 122 *Ga.* 635, 640 (50 S. E. 484); *Rosier* v. *Nichols,* 123 *Ga.* 20, 24 (50 S. E. 988).

To construe the power of sale in this deed as authorizing the trustee to sell only the life-estate and to reinvest the proceeds subject to the trust would be to ascribe to the grantor a purpose to permit a reduction in the use of the life-estate by carving out of it another remainder and withholding it from the wife, his love for whom was the sole consideration for the deed. "It is a well-recognized fact that the uncertainty of life gives a life-estate a more or less speculative value." In the case of *Gunby* v. *Alverson*, 146 *Ga.* 536 (91 S. E. 556), the trust deed conveyed the property to the daughters of the grantor *or* their children, and also provided a power of sale for purposes of reinvestment. This court held that the trust projected over the entire estate, and declined to place the decision "on the narrow technicality of the absence of the word 'to' in the conveyance to the grantor's grandchildren." In that case it was also said: "We wish to note that we have not overlooked the line of decisions, of which *Fleming* v. *Hughes,* 99 *Ga.* 444 (27 S. E. 791), may be cited as a type, that a conveyance to a trustee in trust for one for life, with remainder to the surviving children of the life-tenant, and, in default of such children; with remainder over to others, passes to the trustee the legal title of the life-estate only. In such cases there were no complications as to indeterminate remaindermen, implied power of sale, and other indicia reflecting the grantor's intention to convey the whole fee to the trustee." It was also noted in the *Gunby* case that the deed contained no language restricting the trust to the life-tenants, as was the case in the devises under consideration in *Bull* v. *Walker,* 71 *Ga.* 195, *Carswell* v. *Lovett,* 80 *Ga.* 36 (4 S. E. 866), and *McDonald* v. *McCall,* 91 *Ga.* 304 (18 S. E. 157). A trustee may have and exercise a power of sale as to property or an interest therein to which he has not the legal title. *Simmons* v. *McKinlock,* 98 *Ga.* 738, 743 (26 S. E. 88); *Henderson* v. *Williams,* 97 *Ga.* 709 (25 S. E. 395); *Headen* v. *Quillian,* supra. In *Coleman* v. *Cabaniss,* 121 *Ga.* 281 (48 S. E. 927), it is held that this may be done when the trustee has neither the equitable nor the legal title. See, in this connection, *Clarke* v. *East Atlanta Land Co.,* 113 *Ga.* 21 (4), 28 (38 S. E. 323); *Bailie* v. *Carolina B. & L. Asso.,* 100 *Ga.* 20 (28 S. E. 274); *Cabot* v. *Armstrong,* 100 *Ga.* 438 (28 S. E. 123).

*Judgment affirmed. All the Justices concur.*