28  511
86  767

## CONEY, ADM'R, *vs.* SANDERS ET AL.

1. That a power may  be a power  coupled with an interest, the  agent
must have an interest in that to  which the power  relates ; it is not
enough that he pays a valuable consideration for the power.
2. The fifth  section of  the act of 1785, which  section declares, that
sales of lands, made under powers, shall be good, if made before the
agent has "notice of a countermand, revocation, or death of the con-
stituent," applies only to powers made out of the State.

Complaint for land, in Lee Superior Court.    Tried be-
fore Judge ALLEN, April Term, 1859.

This was an  action for  the recovery of lot of land No.
86, in the first district of Lee county.

Plaintiffs having  closed, defendant  tendered in evi-
dence a deed from David Hataway, the grantee, and under
whom plaintiffs claimed—deed dated in 1841, which pur-
ported to be, and  was executed  by one Simeon Nichol-
son as the attorney in fact of said David—power of attor-

ney executed in 1827 or 1828, recited to be made for value received and irrevocable on its face, and by which Nicholson was authorized to sell and convey the lot of land in controversy.

Other evidence was offered, bringing the title down from Hataway's vendee under the deed executed by Nicholson, to defendant.

Counsel for defendant requested the court to charge the jury, that if they believed, from the evidence, that David Hataway, in his lifetime, executed the power of attorney, and it was for value received and made irrevocable, and empowered Nicholson to sell said land, then the deed of conveyance was good and valid, and that, notwithstanding the death of Hataway, if Nicholson, the attorney, had no notice of his death; and that a subsequent purchaser, without notice, held the better title as against plaintiffs, the heirs-at-law of Hataway.

The court refused so to charge, but, on the contrary, charged the jury, that the death of Hataway revoked the power of attorney, and that, whether the attorney had notice of his death or not.

To which charge, and refusal to charge, defendant excepted.

Defendant moved to strike out the amendment to the declaration, making other parties plaintiffs. The court refused the motion and defendant excepted.

McCay & Hawkins, for plaintiff in error.

Lyon, Irwin & Butler, Vason & Davis, contra.

By the Court.—Benning, J., delivering the opinion.

Was the charge right? We think that it was.

By the common law, a power of attorney is revoked by the death of its maker, unless it be a power coupled with an interest.

Coney, adm'r vs. Sanders et al.

[1.] In order that a power may be a power coupled with an interest, the agent must have an interest derived from the power, or, from something else, in the property or thing in reference to which the power was given; that he paid a valuable consideration for the power, will not be enough.—Hunt vs. Rousmanier's adm'rs, 8 Wheat. 174.

Neither of these propositions, I believe, was disputed. But it was insisted, that the case fell within the fifth section of the act of 1785, "to render easy the mode of conveying lands," &c., a section which provides, that all sales of lands, made under such powers as it refers to, shall be good, if made before the agent "shall have" had "due notice of a countermand, revocation, or death of the constituent."—Cobb, 165.

[2.] But, we think, that this section refers only to powers made in other States than Georgia. It is clear, that the fourth section does; and a little study of the fifth will show, that it means to refer to the same powers to which the fourth had referred. The one section is connected with the other; the object of the fourth is to declare that powers, among other things, made in other States, if proved in a particular way, shall be taken as sufficiently proved. The object of the fifth is, to declare that sales made under those powers shall be valid, if made before the revocation of the powers.

This has been, we think, the uniform construction of the section.

In our opinion, then, it is not true, that the power of attorney in the present case, falls within the section. Consequently, we think, that the charge of the court was right.

As to the refusal to strike out the amendment, it is sufficient to say, that there was an agreement, in writing, between the parties, by which leave to amend the declaration was given to the plaintiffs.

Judgment affirmed.