HUNT *v.* THE NEW ENGLAND MORTGAGE SECURITY COMPANY.

1. Where a deed was made under the provisions of sections 1969, 1970, 1971 of the code, to secure the payment of a promissory note, and afterwards the payee transferred the note, without recourse, to another, at the same time also conveying to the assignee of the note the title to the land described in the security deed, this was no discharge of the land from the debt, and the assignee had all the rights of his assignor, and all the remedies for enforcing the same.

2. It appearing from the evidence that the title of the claimant, derived from the defendant in *fi. fa.*, was older than the plaintiff's judgment; and it not appearing that the judgment was founded on the identical debt for which the security deed was given, the verdict finding the property subject was not supported by the evidence, and the court for this reason erred in refusing to grant a new trial.

November 27, 1893.

Levy and claim. Before Judge RONEY. Columbia superior court. September term, 1892.

JOHN T. WEST, by brief, for plaintiff in error.

LUMPKIN, Justice.

1. An ordinary *fi. fa.* in favor of the New England Mortgage Security Company against Hunt was levied upon certain land to which Mrs. Hunt interposed a claim. The property was found subject, and the claimant excepted to the overruling of her motion for a new trial. It appears that Hunt borrowed money from Charles L. Flint, for which he gave a promissory note, and a deed to secure the payment of the same under the provisions of sections 1969, 1970, 1971, of the code. Afterwards Flint transferred the note in question, without recourse upon himself, to the Mortgage Security Company, and also conveyed to that company the land which Hunt had conveyed to him. Subsequently Hunt conveyed the same land to his wife, and his deed to her was made before the Mortgage Security Company obtained against Hunt the common law judgment from which the *fi. fa.* levied was issued. Under these facts, it was insisted for the claimant that the note from Hunt to Flint having been transferred by the latter to the Mortgage Security Company without recourse, the note was thereby paid, so far as Flint was concerned, and that the Mortgage Security Company was nothing more than an ordinary judgment creditor of Hunt. In support of this contention, claimant's counsel cited *Farrar v. Brackett*, 86 *Ga.* 463, and other decisions of this court, some, if not all, of which are cited in *Cade v. Jenkins*, 88 *Ga.* 791. In the case last mentioned, it was ruled that: " Where a vendor of land takes notes for the purchase money, securing their payment by reservation of title in himself, which notes he afterwards transfers without recourse and without any transfer of the reserved title to a third party, this operates as a payment of the purchase money, the vendee's equity becomes complete, and the vendor ceases to hold any interest in the land. . . . In such event, the debt evidenced by note loses

its quality as a purchase money debt; the transferee be-
comes an ordinary creditor of the vendee, and cannot
maintain attachment as for the purchase money." Im-
mediately following this quotation, it was also stated
that : " In all the above cases there was no transfer of
the realty in the sale of the notes to the transferee."
This latter statement indicates the substantial difference
between cases of the character then under discussion,
and the case at bar. A purchaser of land holding a
bond for titles has a perfect equity whenever the pur-
chase money is paid, and is then entitled to a convey-
ance from his vendor. Where the vendor sells and
transfers the purchase money note without recourse on
himself, the debt, although not discharged, is no longer
a debt for the purchase money; and as between the
vendor and the vendee, the latter would be entitled to
a decree for a specific performance of the bond for titles.
The case is altogether different where one makes a deed
to his land for the express purpose of securing the pay-
ment of his own promissory note, and that note, together
with the title to the land by which its payment is
secured, is assigned and conveyed to another. In such
case, the assignee takes the place of the assignor, and is
entitled, not only to the note, but also to all the remedies
of the assignor for enforcing its collection.

2. If the judgment against Hunt was based upon a
note thus secured, he would be compelled to pay off the
judgment before the title of the Mortgage Security
Company would be divested. If the deed to his wife
was made under these circumstances, he really had no
title to convey when the deed was made, and it would
be entirely immaterial whether such deed was made be-
fore or after the date of the judgment in favor of the
Mortgage Security Company. The difficulty presented
by this case, however, is, that the record before us does
not disclose that the judgment against Hunt was

founded on the identical debt for which the security deed was given. For aught we know, this judgment may have been founded on some other debt which was not secured at all. This being so, and it distinctly appearing from the evidence that the title of the claimant, Mrs. Hunt, under the deed from her husband, was older than the plaintiff's judgment, the jury were not authorized to find the property subject, and the court ought to have granted a new trial. It is proper to state in this connection that the motion for a new trial alleges that the verdict was contrary to the evidence, and without evidence to support it. Possibly, on the trial, the plaintiff did affirmatively show that the judgment from which its *fi. fa.* issued was founded on the note, secured by deed, given by Hunt to Flint, which note, together with the title to the land, was subsequently transferred by Flint to the Mortgage Security Company. The record sent to this court, however, entirely fails to disclose that this vitally essential fact was proved. It may be that upon the next trial the plaintiff can establish this fact; and if so, and the other facts now apparent are also proved, the land should undoubtedly be found subject.                     *Judgment reversed.*