## BAGGETT, administrator, v. EDWARDS et al.

1. Where pleadings do not make distinct and positive allegations, but are ambiguous or couched in alternative expressions, on demurrer they will be given that construction which is most unfavorable to the pleader.

2. Where the title to land is conveyed to secure a debt, and the instrument is not merely a mortgage, a power of sale on failure to make payment is a power coupled with an interest, and is not revoked by the death of the debtor. *Roland* v. *Coleman*, 76 *Ga.* 652; *Willingham* v. *Rushing*, 105 *Ga.* 72, 78; *Orient Ins. Co.* v. *Williamson*, 98 *Ga.* 464, 468; *Brice* v. *Lane*, 90 *Ga.* 294, 295.

3. The execution of the power to sell is not a suit against the administrator of the deceased debtor, so as to require a delay of twelve months before action can be taken. *Roland* v. *Coleman*, supra.

4. The presiding judge held that the advertisement which had been made under the power of sale contained in the security deed was not legal; and there being no exception to this ruling, no decision on that subject is necessary.

5. Where, under a power of sale contained in a deed made to secure a debt, a creditor was proceeding to advertise the property for sale on a certain date, but the advertisement was not good because not made a sufficient length of time before the date of sale, and where upon an equitable petition the sale was temporarily restrained until after the date set for the sale, and the petition was without equity except for the purpose of preventing the sale under the insufficient advertisement at the time fixed in it, which had passed, there was no error in dismissing the petition on demurrer at a later date, there being no purpose to subserve by retaining the case in court after it had accomplished all it could do, and when there remained nothing further which would authorize a court of equity to act.

6. The judgment rendered does not award costs; but inasmuch as the presiding judge held that there was sufficient ground for the filing of the petition to prevent the sale under an insufficient advertisement on the day named in it, in adjudging which party shall be required to pay the costs he will doubtless consider this fact. In affirming the judgment, the question as to awarding costs is left open for future determination by the judge.

Argued May 28,—Decided August 13, 1906.

Equitable petition. Before Judge Pendleton. Fulton superior court. November 20, 1905.

Baggett, as the administrator of Scogin, deceased, filed his equitable petition against Edwards, a non-resident, and McDaniel, his resident attorney, alleging in brief as follows: Edwards claims that the intestate is indebted to him in the sum of $349 as principal, and interest, upon a promissory note, dated January 12, 1901, and due January 12, 1904, and also in the sum of $6.55 for certain

taxes; that to secure the payment of these sums the intestate in his lifetime, on January 12, 1901, made to him "a mortgage or security deed" to two described parcels of land; that there is in the conveyance a power of sale authorizing him, his agent or attorney, if the debt should not be paid when due, to sell the lands at public outcry to the highest and best bidder for cash for the purpose of paying such debt, "after first advertising the time and place and terms of said sale in some paper published in Fulton county, once a week for four weeks previous to the time appointed for said sale;" and that the conveyance contains a power of attorney constituting the defendant attorney in fact for the deceased to make title to the purchaser of the lands if sold under the power of sale. The intestate died January 12, 1904, "and said defendant, as petitioner is informed and believes, does not claim there was anything due on said debt at the time of his death." Edwards threatens and intends to sell the lands under the power of sale, claiming that the amounts above stated are past due and unpaid, and has through his agent and attorney advertised in the "Atlanta Constitution" to sell the lands on the first Tuesday in August, 1905. The advertisement appeared first in the newspaper on July 7, 1905, and the time fixed for the sale as stated therein is the first day of August, 1905, being only twenty-five days from the date of the first insertion. The plaintiff avers, that the sale would be illegal, and will cast a cloud upon the title; that the power of sale in said "mortgage or security deed" is revoked by the death of the maker; that the appointment of the creditor attorney in fact to execute a deed to the land when sold was revoked by the death of the maker; that as administrator he has twelve months from the date of his appointment, within which to look into the affairs of the estate and pay the debts due by the intestate, during which time he is exempt from suit and protected from any proceeding to sell the property of said estate save by a judgment of the court; that if the lands are sold they will bring but little; that he is informed and believes that they are worth $1,500. He avers, on information and belief, "that the amount claimed to be due by said defendants upon said debt is more than is really due and owing by said estate." The prayers are, that defendants be enjoined from selling the lands on the first Tuesday in August, 1905, or at any other time under the power of sale; that the defendants be enjoined from interfering

with the plaintiff's right to administer the interest, equity, and property right of the intestate; that Edwards be required to come into court to prove what amount, if any, is due him by the estate of the intestate upon said debt; for general relief, and for process. By amendment it was alleged, that petitioner as administrator has been in possession of the lands since August 10, 1905, and has received the rents therefrom for the estate; that the lands are a part of the assets of the estate; that there are debts due by note and open account by the estate, and there is not sufficient personal property to pay them; and that it is necessary to administer the lands for that purpose. A temporary restraining order was granted on July 31, 1905. A demurrer was filed which came on to be heard November 20 thereafter. The presiding judge sustained the demurrer and dismissed the petition. In his order he stated that the advertisement as set out in the petition was illegal, but that, the date on which the sale was to have been made having passed, no benefit could result from retaining the petition. The plaintiff excepted.

*Lavender R. Ray* and *J. S. James,* for plaintiff.

*Dorsey, Brewster, Howell & McDaniel,* for defendants.

LUMPKIN, J. (After stating the facts.) The plaintiff sought to prevent a sale under a power contained in an instrument made by his intestate for the purpose of securing a debt. He did not set out in the petition the instrument itself or the power. He merely alleged that the defendant Edwards claimed that Scogin, plaintiff's intestate, made to him "a mortgage or security deed" to the lands involved; and that in the conveyance a power of sale was claimed to be included. He refrained from informing the court exactly what the instrument was, and referred to it in the alternative as a mortgage or deed. There is a difference between the two in respect to a power of sale. In a deed to secure a debt, which passes title, the power is coupled with an interest, and is not revoked by the death of the maker. *Roland* v. *Coleman,* 76 *Ga.* 652. In a mere mortgage it is otherwise. *Wilkins* v. *McGhee,* 86 *Ga.* 764. The allegation, being in this ambiguous or alternative form, must be taken most strongly against the pleader; and this being done, the instrument in question may be considered as a deed conveying title, and the power as coupled with an interest.

The case above cited is also controlling on another point raised,

namely: that a proceeding to sell under a power contained in a deed made to secure a debt is not a suit or in the nature of a suit, and the creditor is not compelled to wait until twelve months after the administrator has qualified, in order to sell under the power. In *Greenfield* v. *Stout,* 122 *Ga.* 303, it was said: "Where the grantor in a security deed dies after the execution of the deed, in exercising the power of sale the property should be sold as that of his estate." This disposes of the contention that after his death it could not be sold as his property.

There was no equity whatever in the petition except as to one point. The sale was advertised to take place on a specified date. The trial court ruled that the advertisement was not such as to authorize a sale at that time under the terms of the instrument. But as the sale was restrained and the time so advertised had passed, he considered that it would be a vain thing to retain the petition merely to declare that it would have been illegal if a sale had taken place. He therefore dismissed the petition on demurrer. This ruling was right. But inasmuch as the court held that there was an error in the advertisement, and there was a proper ground for filing the petition to enjoin the sale at the time it was advertised to take place, the presiding judge will doubtless award costs in view of this situation. He did not include in his judgment any statement as to costs, and therefore there is no ruling on that point for us to review.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*