### TURMAN v. WINECOFF et al.

FISH, C. J.  1. In order that a power to sell may survive the death of the grantor, it must be coupled with an interest; and that interest must be not in the proceeds alone of the thing to be sold, but in the thing itself. Civil Code, § 3575, par. 1; *Lathrop* v. *Brown*, 65 *Ga.* 315; *Wilkins* v. *McGehee*, 86 *Ga.* 764 (13 S. E. 84). Such power will not survive merely because the donee may have paid a valuable consideration for it. *Coney* v. *Sanders*, 28 *Ga.* 511.

2. Applying the rule above announced to the contract upon which the petition for intervention in the present case was based, and to the allegations of such petition, the general demurrer to the petition was properly sustained.    *Judgment affirmed. All the Justices concur.*
SEPTEMBER 25, 1912.

Equitable intervention.  Before Judge Pendleton.  Fulton superior court.  May 26, 1911.

*Moore & Pomeroy,* for plaintiff.

*King & Spalding and Underwood, Evins & Spence, A. A. & E. L. Meyer, J. D. Kilpatrick,* and *T. F. Corrigan,* for defendants.

---

### OUTCAULT ADVERTISING COMPANY v. CLARY-HARPER COMPANY.

ATKINSON, J.  On the trial of a claim case before the judge, by consent, without a jury, upon an agreed statement of facts, the evidence authorized a finding that the defendant had never had title to the property; and accordingly there was no error in finding the property not subject.    *Judgment affirmed. All the Justices concur.*
SEPTEMBER 25, 1912.

Claim.  Before Judge Walker.  Warren superior court.  April 11, 1911.

*M. E. Evans,* for plaintiff.  *M. L. Felts,* contra.