SMITH *v.* PHARR.

GILBERT, J. Under the pleadings and the evidence the court did not err in denying an injunction. A power of sale may lawfully reside in one who has no legal or equitable interest in the property which is to be the subject of the sale. *Coleman* v. *Cabaniss,* 121 *Ga.* 281 (48 S. E. 927); *Woodbery* v. *Atlas Realty Co.,* 148 *Ga.* 712, 718 (98 S. E. 472). In this

case Pharr, the grantee of the payee, retains an equity in the securities, and, under the power granted in the deed from· plaintiff to him, may sell the property, the proceeds being liable to the payment of the debts secured thereby.

(*a*)  This ruling is not in conflict with *Hunt* v. *New England Mortgage Co.*, 92 *Ga.* 720 (19 S. E. 27), or *Hightower* v. *Haddock*, 153 *Ga.* 160 (111 S. E. 413).  In both of those cases the assignment was absolute and not as security.  In the former the deed did not contain a power of sale. In the latter case the deed did contain such power, and the assignment · was sufficiently broad to include that power.  The questions involved were essentially different.

> *Judgment affirmed.   All the Justices concur.*

> No. 5162.  JUNE 19, 1926.

Petition for injunction.  Before Judge Stark.  Gwinnett superior court.  October 16, 1925.

On March 7, 1922, Mrs. W. O. Smith executed a promissory note for the principal sum of $5492, payable to the order of G. F. Pharr, due twelve months after date.  To secure the same she made a deed conveying to Pharr described land, containing the following: "And as further consideration moving the parties to this contract, the said Mrs. W. O. Smith hereby expressly agrees and covenants that if default be made in the prompt payment of said indebtedness due as principal or interest,  .  .  then the said G. F. Pharr by these presents, at his option, is authorized to sell at public outcry, to the highest bidder, for cash, all of the above-described property for the purpose of paying said indebtedness and the expenses of the proceeding, after first advertising the time, place, and terms of said sale in some newspaper published in Gwinnett County, once a week for four weeks preceding the time appointed for said sale; and the said G. F. Pharr may make and is hereby constituted the attorney in fact of the said Mrs. W. O. Smith to make, to the purchaser or purchasers of said property at such sale, good and sufficient titles in fee simple to said property; thereby divesting out of the said Mrs. W. O. Smith all right, title, or equity that she may have in and to said property and vesting the same in the purchaser or purchasers aforesaid." Pharr made to I. C. Clark a conveyance of the land described in the deed of Mrs. Smith, reciting that a promissory note for $4000, dated Sept. 24, 1923, made by Pharr to Clark, was to be secured by the note of Mrs. Smith to Pharr; and further that "it is the purpose of the said G. F. Pharr to transfer the security of said note as well as said note as collateral to the above-named note of

four thousand ($4000.00) dollars." Pharr advertised that on October 6, 1925, he would sell the land "under and by virtue of a power of sale contained" in the deed of Mrs. Smith above referred to.

Mrs. Smith filed an equitable petition, setting out the assignment by Pharr, her note, and the security, and alleging that because of the same he "has no right to sell said property, or to exercise said power of sale;" that he is insolvent; that to permit him to proceed with the sale would cause irreparable loss and injury to petitioner; and that a deed made by him to a purchaser at such sale would constitute a cloud upon petitioner's title and cause a multiplicity of suits. She prayed that he be restrained by injunction from consummating the sale. The answer of the defendant set up that he was entitled to proceed with the sale, because the petitioner had constituted him her attorney in fact for that purpose, and because he had an equity in the note made by her between the amount of the note made by him to Clark with accumulated interest and the amount of petitioner's note. On the hearing the court refused to grant an interlocutory injunction. Error is assigned on that ruling.

*W. L. Nix,* for plaintiff.   *O. A. Nix,* for defendant.