## Lewis *v.* King *et al.*

ATKINSON, J. 1. "Power of sale in deeds of trust, mortgages, and other instruments is to be strictly construed and must be fairly exercised. In the absence of stipulations to the contrary in the instrument, the time, place, and manner of the sale should be that pointed out for public sales." Civil Code (1910), § 4620.

2. "Where the title to land is conveyed to secure a debt, and the instrument is not merely a mortgage, a power of sale on failure to make payment is a power coupled with an interest, and is not revoked by the death of the debtor. *Roland* v. *Coleman*, 76 *Ga.* 652; *Willingham* v. *Rushing*, 105 *Ga.* 72, 78 [31 S. E. 130]; *Orient Ins. Co.* v. *Williamson*, 98 *Ga.* 464, 468 [25 S. E. 560]; *Brice* v. *Lane*, 90 *Ga.* 294, 295 [15 S. E. 823]." *Baggett* v. *Edwards*, 126 *Ga.* 463 (2) (55 S. E. 250).

3. A grantor conveyed legal title to realty as security for debt, under the provisions of the code relative to that subject. The deed contained a covenant "that if the debt to secure which this deed is made is not punctually paid" as provided in the contract, then the *grantee* or his *legal representative* is authorized to sell the realty at public sale "for the purpose of paying said indebtedness," etc., and as attorney in fact for the grantor to make to the purchaser good and sufficient title and to apply the proceeds of sale to payment of the debt, any balance to be paid to the grantor or his assigns. *Held*, that this covenant is a power of sale coupled with an interest, and is absolute for the purposes mentioned, without any element of personal confidence in the conferee or limitation as to discretion.

4. However, construing the instrument strictly as a whole, it does not expressly or by necessary implication confer the power upon any other person than the grantee expressly named in the deed, merely in right of succession to his title to the debt and security.

5. The power conferred upon the "legal representative" of the grantee should be construed as conference of power upon an executor or administrator of the grantee. Cox *v.* Curwen, 118 Mass. 198; Halsey *v.* Paterson, 37 N. J. Eq. 445; Page *v.* Metropolitan Life Insurance Co., 98 Ark. 340, 344 (135 S. W. 911) and cit.; Briggs *v.* Walker, 171 U. S. 466 (19 Sup. Ct. 1, 43 L. ed. 243), and cit.' In *Firemen's Fund Insurance Co.* v. *Sims*, 115 *Ga.* 939 (42 S. E. 269), the question arose as to whether a trustee in bankruptcy was authorized to make proofs under a fire-insurance policy authorizing proofs of loss to be made by a "legal representative." The question was expressly "left open," the decision being put upon other grounds; but there was a strong intimation that the trustee in bankruptcy was not a "legal representative" within the meaning of the policy.

6. A deed to realty to secure a debt evidenced by a promissory note contained a power of sale, as quoted above. The grantee executed a will de-

Appeal and Error, 4 C. J. p. 643, n. 35.

New Trial, 29 Cyc. p. 784, n. 65.

Powers, 31 Cyc. p. 1052, n. 75; p. 1056, n. 7; p. 1074, n. 6; p. 1091, n. 89; p. 1110, n. 95, 99; p. 1116, n. 42.

45

vising and bequeathing to his wife all of his "real and personal estate of every kind, nature, and description," and appointing her sole executrix. The testator died holding the note and security deed. The will was duly probated and the nominated executrix administered the estate and was discharged. She received the note and deed as legatee under the will. Shortly after discharge as executrix the widow in her individual character received from the maker a renewal of the note that was secured by the security deed, but no change was made in the latter instrument. For a number of years thereafter the maker paid interest on the renewal note and otherwise dealt with the widow as owner of the debt. Under application of the foregoing principles the widow in her individual capacity was never vested with the power, and could not in her individual capacity exercise the power of sale after she was discharged as executrix of the will.

7. The judge did not err in refusing a new trial on motion complaining, among other things, of rejection of evidence, where the controlling question was as to the authority of the widow individually to exercise the power of sale.

8. A decision was rendered in this case, affirming the judgment of the trial court on technical grounds of practice, without ruling upon the merits of the case. On motion for rehearing the opinion has been withdrawn and the foregoing substituted.

*Judgment affirmed. All the Justices concur.*

No. 5991. FEBRUARY 18, 1928. ADHERED TO ON REHEARING, MARCH 3, 1928.

Distraint. Before Judge Yeomans. Quitman superior court. April 11, 1927.

*C. W. Worrill* and *John B. Guerry,* for plaintiff in error.

*E. R. King* and *H. A. Wilkinson,* contra.