FINN *v.* DOBBS, executor, *et al.*

No. 12875.   September 13, 1939.

*Roy S. Drennan,* for plaintiff.

*J. G. Roberts, George D. Anderson, Blair & Gardner, William F. Maurer,* and *Roland Neeson,* for defendants.

DUCKWORTH, Justice. A proper construction of the deed here involved is necessary to a decision of the question presented by this record. In construing an instrument of this character the cardinal rule is to seek the intention of the maker; and that intention should be upheld, unless it contravenes some rule of law. Code, § 20-702; *Bailie* v. *Carolina Interstate Building & Loan Association,* 100 *Ga.* 20, 33 (28 S. E. 274); *Palmer Brick Co.* v. *Woodward,* 138 *Ga.* 289 (75 S. E. 480). That this grantor intended to convey the property described to the three grantees share and share alike, and to retain for herself a life-estate which would not encroach upon the corpus of the property, is clearly manifest. It is also clear that the grantor intended that during her lifetime the grantees should manage the property in the manner outlined in the deed, and turn over to her the net income derived from the property. The plaintiff attacks the validity of the deed on the ground that it is an attempt to create a trust for a person sui juris and laboring under no disabilities. She relies upon the Code, § 108-114, and cases decided thereunder. In *Armour Fertilizer Works* v. *Lacy,* 146 *Ga.* 196 (2) (91 S. E. 12), it was said: "In this State a trust estate can not be created in property for the benefit of a person sui juris." It is manifest from the language of the deed that there was no attempt to create a trust for the remaindermen. There were no duties imposed upon the trustees after the termination of the life-estate, either to sell the property, to ascertain the objects of the trust, to distribute according to a specified mode, or to do any other act the doing of which would require them to retain the estate. The remainder is therefore a legal one. *Clark* v. *Baker,* 186 *Ga.* 65 (196 S. E. 750). While under certain conditions a valid trust may be created for the benefit of one sui juris, yet the mere fact that there is a legal remainder over will not suffice to uphold a trust for one sui juris. In *DeVaughn* v. *Hays,* 140 *Ga.* 208 (78 S. E. 844), it was said: "A devise to a named

trustee in trust for another for life, and after his death to such child or children as he may leave surviving, and, in the event there shall be no such child or children, then to other legatees named in the will, share and share alike, created a trust only for the life-estate, with legal remainder over, and the trust for life became executed upon coming into existence if the life-tenant were then sui juris, or so soon as he became so." In *Lester* v. *Stephens,* 113 *Ga.* 495 (39 S. E. 109), a will attempted to create a trust for a brother and sisters who were sui juris; and this court held that such a trust could not be created under the Code, § 108-114, and that when the testatrix died the trust became executed immediately. Applying these rules of law to the instant case, the attempt to create a trust for the life-tenant, who was sui juris, was ineffectual for that purpose, and the trust was instantly executed upon the delivery of the deed by which it was sought to create the trust.

However, this ruling does not mean that the powers conferred upon the grantees in the deed terminated upon the execution of the trust in this manner. In *Heath* v. *Miller,* 117 *Ga.* 854 (44 S. E. 13), a deed conveyed specified property to a trustee for the benefit of a married woman, with legal remainder in fee to her children, giving power to the trustee to sell the fee with the consent of the life-tenant and for her benefit. On August 15, 1867, the trustee executed a deed in which the life-tenant joined, conveying the property in fee. This deed was attacked on the ground that the trustee was without authority to execute it. This court said: "The mere fact that the legal title in the trustee was divested by the passage of the act of 1866 would not, however, extinguish the power of sale conferred by the trust deed. Whether the divesting of the legal title would have this effect in a given instance depends mainly on the intention of the grantor as manifested by the language of the instrument conferring the power. The exercise of a power of sale is not, therefore, absolutely dependent on the existence of a legal title to the property in the trustee. . . But where a trust is created for a life-estate, with a limitation over, under which no trust is created for the remainder, and the trustee is given power to sell the fee for the benefit of and with the consent of the life-tenant, as a general rule the power will not be extinguished merely because the trust for the life-tenant has become executed and the legal title is no longer in the trustee. The power remains in ex-

istence during the life of the life-tenant. The trustee, although the trustee of the power merely, is none the less a trustee. It is in each case important to ascertain the intention of the grantor in the trust conveyance, and this intention when ascertained will be controlling." See also *Bailie* v. *Carolina Interstate B. & L. Asso.,* supra; *Headen* v. *Quillian,* 92 *Ga.* 220 (18 S. E. 543) ; *Ballenger* v. *Burton,* 147 *Ga.* 5 (2) (92 S. E. 514). The justification for the continuation of the powers conferred by the deed in the present case is found in the fact that the legal estate of the remaindermen is by the very terms of the powers subjected to a right to sell and reinvest, which could not be done in the absence of such powers. It should be noted that the grantor in conveying the property to the grantees subject to her life-estate did not reserve to herself the power to sell and reinvest; and this limitation upon the remainder estate is created by the powers conferred upon the defendants. Another reason why the powers conferred by the deed are irrevocable is that they are given for a valuable consideration and are coupled with an interest. Code, § 4-214; *Wilkins* v. *McGehee,* 86 *Ga.* 764 (13 S. E. 84) ; *Ray* v. *Hemphill,* 97 *Ga.* 563 (25 S. E. 485) ; *Turman* v. *Winecoff,* 138 *Ga.* 726 (75 S. E. 1131) ; *Lewis* v. *King,* 165 *Ga.* 705 (2, 3) (141 S. E. 909). Since we construe the deed to be a conveyance subject to a life-estate, it was not subject to cancellation as prayed; and since the powers conferred upon the grantees therein are not revocable, the petition alleged no ground for enjoining the exercise of the powers, or for a receivership; and since under the prayers this was the only relief sought, the petition set forth no cause of action and was properly dismissed on demurrer.             *Judgment affirmed.    All the Justices concur.*