GURR *v.* GURR *et al.*

494

No. 15026.   November 21, 1944.

496

*R. R. Jones,* for plaintiff in error.  *Farkas & Burt,* contra.

GRICE, Justice.  ■  The petition, filed November 30, 1943, shows that Raines, as agent for the bank, on December 27, 1932, by absolute deed, which was recorded on January 7, 1933, purported to convey for a valuable consideration to Mrs. Helen G. Gurr the title to the lot of land here involved; that on the following day she entered into possession of said property, and has since

been in possession of the same, receiving the rents and profits therefrom. Under the facts as they thus appear, her possession is presumed to be adverse until the contrary is shown. *Hall* v. *Gay,* 68 *Ga.* 442, 443; *Hammond* v. *Crosby,* 68 *Ga.* 767, 771. A like presumption exists as to her good faith. *Baxley* v. *Baxley,* 117 *Ga.* 60, 61 (43 S. E. 436). There is nothing in the instant case to negative either of the two presumptions. The complainants take the position that it can not here be ruled that the petition shows on its face adverse possession in Mrs. Helen G. Gurr under color, because it is alleged in the thirteenth paragraph of the petition that, "under the facts heretofore alleged, defendant's possession has been under and by virtue of the security deed from Mrs. Ada Gurr (Mrs. J. W. Gurr Sr.) to the City National Bank of Dawson, Ga." There was a special demurrer to this paragraph on the ground that it sets forth a mere conclusion, there being no facts in said petition to authorize said conclusion. The demurrant's contention as to this is sound. The complainants' theory as to this is, that the sale under the power being void, one who enters under a purchase at such void sale holds merely under the security deed containing the power under which said void sale was had. For the doctrine thus invoked, counsel cites *Hirsch* v. *Northwestern Mutual Life Ins. Co.,* 191 *Ga.* 524 (13 S. E. 2d, 165); *Coates* v. *Jones,* 142 *Ga.* 237 (82 S. E. 649), later appearing in 145 *Ga.* 397 (89 S. E. 334); *Ashley* v. *Cook,* 109 *Ga.* 653 (2) (35 S. E. 89); *Georgia Baptist Orphans Home* v. *Moon,* 192 *Ga.* 81, 84 (14 S. E. 2d, 590). The authorities do not support the contention. Mrs. Helen G. Gurr was not the grantee in the security deed, nor the donee of the power of sale contained therein. She was a purchaser for value at a sale by one who was the transferee of the debt the deed was given to secure and the assignee of the title to the property conveyed therein, and who professed to act under a valid power of attorney to make the sale. Under the facts alleged, it can not be held that her possession was under the security deed, to which she was not a party and which did not profess to give her any right of entry; but that it was under the deed from one purporting to have authority to sell, which deed named her as grantee therein. In at least two decisions, this court has quoted approvingly a statement made by Story, J., in *Prescott v. Nevers,* 4 Mason, 326, 330, to wit: "I take the principle to be clear

that, where a person enters into land under a claim of title thereto by a recorded deed, his entry and possession are referred to such title." *Norris* v. *Dunn,* 70 *Ga.* 796, 800; *Bowman* v. *Owens,* 133 *Ga.* 49, 51 (65 S. E. 156). As to the complainant, Mrs. Ada Gurr, the petition should have been dismissed on demurrer, because as to her it showed that the defendant had acquired a prescriptive title.

■ Of the several complainants, Mrs. Gurr was a life-tenant; the others were remaindermen. So long as the former lives, the latter have no right to bring this suit for an accounting with the party in possession, nor for any of the other relief sought. They must stand by during the life of the life-tenant. *Schley* v. *Brown,* 70 *Ga.* 64; *Bull* v. *Walker,* 71 *Ga.* 195; *LaPierre* v. *Martin,* 145 *Ga.* 851 (89 S. E. 1074).

■ The courts of this State are not empowered to enter merely declaratory judgments. *Southern Railway Co.* v. *State,* 116 *Ga.* 276 (2) (42 S. E. 508). The prayer that the complainants' title be established as superior to that of the defendant was, standing alone, nothing more than an effort to obtain a declaratory judgment, since it appears that they are not entitled to maintain this suit because they at this time have no right to any of the other relief sought. In the case last cited, a lessor of real estate brought an action against a third party for the use and occupation of a portion of the leased premises during the period of the lease and at a time when the lessee was entitled to the possession of the property. This court held that the plaintiff was not entitled to recover because the right of action, if any, was in the lessee. In the same suit, the plaintiff also prayed for a determination of certain rights claimed by it, but as to those alleged rights did not ask that the defendant do or pay anything. After disposing of the first point by ruling that a right of action for an injury to the freehold could not be maintained by the lessor during the period of the lease, the court ruled as follows as to the second point: "A declaratory action is not maintainable in this State. Accordingly, where a plaintiff files a petition alleging that the defendant is in possession of certain land, and setting up facts which plaintiff claims show that he has title and that the defendant has no title or right of possession, and invoking no injunction, judgment, or decree save that the court decide the law and declare the legal

rights of the parties, a demurrer to such petition should be sustained." So here it must be ruled that, since the remaindermen showed, as to the main branch of the case, that no right of action existed in them, the case will not be retained merely to declare the relative strength of their title and that of the defendant. It was erroneous to overrule the general demurrer to the petition.

■ A reversal of the judgment necessarily follows from the rulings already announced. To end the decision here, however, would leave undecided an important question arising under this record, which was stressed in the oral argument and in the briefs, and one which in all probability will arise again out of this same controversy. The complainants base their right of action on the proposition that the sale of this property under the power passed no title. The purchaser, who is the plaintiff in error here, insists that by virtue of that sale she acquired title. We have ruled in divisions 1 and 2 only that, as against the life-tenant, the purchaser has acquired a prescriptive title, and that the remaindermen have no right to sue so long as the life-tenant is living. In this situation, prescription did not ripen into title as against them (*Mathis* v. *Solomon,* 188 *Ga.* 311, 4 S. E. 2d, 24), and hence at some later time they can bring and present the same contention. Under the circumstances, we feel that, rather than have it postponed, the basic issue here presented should be passed upon. If the sale by the agent, professedly under the power, passed title to the purchaser, it affords an additional reason why the court erred in overruling the demurrer to the petition.

While the advertisement under which the land was sold recited that Raines would sell it as assignee of the indebtedness secured by the deed and the holder of the title to the property described therein, and as agent of the said City National Bank by virtue of the assignment aforesaid, the advertisement was signed "T. B. Raines, agent of the City National Bank, Attorney in fact for Mrs. Ada Gurr, executrix of the estate of J. W. Gurr, and Mrs. Ada Gurr individually." His deed to Mrs. Helen G. Gurr was signed in exactly the same way, and the other recitals in the deed are to the same effect. No power of sale was given to the holder of the indebtedness, whoever he might be, nor to the creditor and his assigns, as was done in *Universal Chain Theatrical Enterprises Inc.* v. *Oldknow,* 176 *Ga.* 492 (168 S. E. 239). Raines sold the

land as agent of the City National Bank, and in that capacity only. If *as such agent* he was not empowered to pass such title as the estate of J. W. Gurr Sr. had in and to the land, then the deed that he made to Mrs. Helen G. Gurr was no more than color of title, and did not itself convey title. No question is raised as to the authority of Mrs. Ada Gurr under the will to execute the security deed. There is none as to the payment of the debt being in default. No attack was made on the validity or regularity of anything touching the transfer of title, except this: that Raines having paid to the bank the notes of Mrs. Ada Gurr, and the bank having transferred the same to him without recourse, and having conveyed to him all its right and title to the property, it had no further interest in the subject-matter of the security deed, and no authority to constitute Raines its agent to exercise any and all of the powers contained in the security deed, particularly the power to sell the land in case of default, although the deed contained a clause empowering the bank, in case of default, its agent or legal representative, to sell the land at public outcry, etc.

The court has held that a power of sale in a security deed is a power coupled with an interest. *Lewis* v. *King,* 165 *Ga.* 705 (141 S. E. 909), and the authorities there listed. And that the interest referred to must be not alone in the proceeds of the thing to be sold, but in the thing itself. *Turman* v. *Winecoff,* 138 *Ga.* 726 (75 S. E. 1131), and cit. Most of the authorities, both from this court and from other jurisdictions, a number of which are cited in the briefs, that deal with these two statements, apply these principles to those instances where the question discussed or ruled was whether or not the *donor* of the power could revoke it. A power coupled with an interest is not revocable by death. *Baggett* v. *Edwards,* 126 *Ga.* 463 (55 S. E. 250). Nor is it revocable at will. Code, § 4-214. Compare *Finn* v. *Dobbs,* 188 *Ga.* 602. How, then, can it be said that the power was revoked in the instant case? The insistence of counsel for the defendants in error is that, since the power here involved was one coupled with an interest, it must follow that, when the bank disposed of that in which it had the interest, the power itself was revoked. On this line of reasoning alone the complainants plant their case.

It was ruled in *Garrett* v. *Crawford,* 128 *Ga.* 519 (57 S. E. 792, 119 Am. St. R. 398, 11 Ann. Cas. 167), that, while a power of sale

in a mortgage is extinguished by the payment of the debt which the mortgage was given to secure, if the mortgagor failed to have the satisfaction of the debt entered of record, and a sale was thereafter had under the power, one who purchased in good faith and for value at such sale, without notice of the fact of the satisfaction of the debt, will be protected in his title. The decision in that case was put upon estoppel, and on its facts is not on all fours with the instant case. The interest with which the power was coupled ceased; the debt having been paid, in reality there was no default; but one who bought at the sale under the power was protected in his title.

The case of *Ellis* v. *Ellis,* 161 *Ga.* 360 (130 S. E. 681), may also be distinguished on its facts from the present case, but, nevertheless, it was there held that, where a security deed contains a clause accelerating the payment of the principal before its maturity, by the failure of the vendor to pay any installment of interest, and where it contains a power of sale authorizing the holder, in default of payment of any installment of interest, to declare the principal due and to advertise and sell the premises therein embraced to enforce payment of the principal and interest of the debt, a sale to a bona fide purchaser under such power, after due advertisement thereof, in which it is stated that the holder is proceeding to sell because of default by the vendor in the payment of a past-due installment of interest, is equivalent to a sale under a decree in equity, and passes the title to the premises in such deed to such purchaser, although there was no default in the payment of any installment of interest, the purchaser having no notice of this fact. There, also, it will be noted, the debt had been paid, and the interest in the subject-matter had ceased; and, although it could be argued that there, as here, the interest and the power had been divorced, yet it was held that the title passed to a purchaser at the sale.

*Smith* v. *Pharr,* 162 *Ga.* 358 (133 S. E. 863), presented a state of facts where Mrs. Smith executed a promissory note to Pharr, to secure which she made to Pharr a security deed to described land, containing a power of sale; Pharr made to Clark a conveyance of the land described in Mrs. Smith's deed, reciting in his deed to Clark that Pharr had made a note to Clark for $4000, which was to be secured by the note of Mrs. Smith to Pharr, and

that, "it is the purpose of the said G. F. Pharr to transfer the security of said note [of Mrs. Smith] as well as said note as collateral to the above-named note of $4000." Pharr advertised the land under the power contained in the security deed of Mrs. Smith. She filed a petition against Pharr, setting out the assignment by Pharr of her note and the security, alleged that because of the same "he has no right to sell said property, or to exercise said power of sale," and sought an injunction, which the trial court denied. This court affirmed the ruling, giving therefor the following reason: "In this case Pharr, the grantee of the payee, retains an equity in the securities, and, under the power granted in the deed from plaintiff to him, may sell the property, the proceeds being liable to the payment of the debts secured thereby." Pharr had parted with his interest, although Clark held it as collateral, and yet the court ruled that he had a right to sell the property for the reason stated in the excerpt quoted above.

In *Phelps* v. *Palmer*, 192 *Ga.* 421 (15 S. E. 2d, 503), it was ruled again that, where land is sold under a power of sale contained in a security deed, the grantor in the security deed can not thereafter attack the title of a bona fide purchaser for value, on the ground that the debt secured by the deed had been paid before the sale. In the opinion, it was said: "The plaintiff alleges that he paid the debts for which he gave the security deeds, but no allegation is made that the security deeds were canceled of record or that the purchaser at the sale under the first security deed had notice that the debt had been paid. So far as is disclosed by the petition, the purchaser bought bona fide and for value at such sale. In this situation the plaintiff can not now attack the title of the purchaser by pleading payment. *Garrett* v. *Crawford*, 128 *Ga.* 519 (57 S. E. 792, 119 Am. St. R. 398, 11 Ann. Cas. 167); *Ellis* v. *Ellis*, 161 *Ga.* 360 (130 S. E. 681). The petition failed to state a cause of action, and the court did not err in sustaining the demurrer and dismissing the same."

In *Hunt* v. *New England Mortgage Security Co.*, 92 *Ga.* 720 (19 S. E. 27), it was said: "Where a deed was made under the provisions of sections 1969, 1970, 1971 of the Code [of 1882] to secure the payment of a promissory note, and afterwards the payee transferred the note, without recourse, to another, at the same time

also conveying to the assignee of the note the title to the land described in the security deed, this was no discharge of the land from the debt, and the assignee had all the rights of his assignor, and all the remedies for enforcing the same." Let it be noted that, in the case last referred to, the grantee in the security deed had transferred the note without recourse, but that, having also transferred the title to the land described in the security deed, the assignee had all the remedies for enforcing the same. One of the remedies, as presently will be seen, is the exercise of the power of sale. The quoted statement would seem to support the view that, although the original holder of the power had no further interest in the security deed, or the remedies therein provided, nevertheless he could transfer these over to another by merely assigning to him the deed and the security. In the opinion in that case, it was said: "The case is altogether different where one makes a deed to his land for the express purpose of securing the payment of his own promissory note, and that note, together with the title to the land by which its payment is secured, is assigned and conveyed to another. In such case, the assignee takes the place of the assignor, and is entitled, not only to the note, but also to all the remedies of the assignor for enforcing its collection."

It will be readily conceded that none of these cases are decisive of the precise point here presented. It is submitted, however, that some of them, at least, can not without difficulty be reconciled with the contention of the complainants that whenever the grantee parts with title to, i. e., his interest in the subject-matter, he can not thereafter exercise the power of sale through the transferee of the debt and of the title to the property, as the agent of the original creditor and donee of the power.

A power of sale may lawfully reside in one who has no legal or equitable interest in the property which is to be the subject-matter of the sale. This has been frequently decided by the courts of this State, and the proposition was restated in *Smith* v. *Pharr,* supra. If this be true, then how can it be that the power of sale in the case at bar was illegally exercised by the grantee of the power after it had parted with its interest in the subject-matter, merely because of that fact?

A power of sale in a mortgage or security deed becomes a part of the security, conferred for the purpose of effectuating the same. *Mutual Loan & Banking Co.* v. *Haas,* 100 *Ga.* 111 (27 S. E. 980,

62 Am. St. R. 317). It is a remedy by contract intended to substitute the remedy by law, should the creditor see fit to avail himself of it. *Moseley* v. *Rambo*, 106 *Ga.* 597, 600 (32 S. E. 638); *Fulghum* v. *Williams Co.*, 114 *Ga.* 643, 645 (40 S. E. 695, 1 L. R. A. (N. S.) 1055, 88 Am. St. R. 48). A sale thereunder is for some purposes the equivalent of a sale under a court foreclosure. *Seymour* v. *National Building & Loan Assn.*, 116 *Ga.* 285 (42 S. E. 518, 94 Am. St. R. 131). It is a distinct advantage to a creditor, whether he pleases to exercise it or not. It adds to the attractiveness of his security. In the instant case, a third party purchased the notes, without recourse, it is true, but at the same time he had assigned to him the deed given to secure the debt; such deed containing a provision that, upon default, the bank or its agent could exercise the power of sale, and the assignment containing a provision whereby the third party, Raines, was constituted the agent of the bank for the purpose of exercising any and all powers contained in the security deed. It is fair to assume that the transferee of the debt knew that the debtor had placed in the hands of the original creditor this additional remedy of sale under the power, and that she had further stipulated that the power might be exercised by an agent appointed by the bank. Here the assignee was made the agent to exercise the power when and if a default occurred. He purchased whatever rights the bank had, and, along with it, he took an appointment from the bank as its agent to sell. The power did not say: "If I default in my payments *to the bank*;" but that, "if the aforesaid debt"—a debt which she knew the bank had the right to transfer and assign to another, as it did—"is not promptly paid at maturity," etc. The bank also had the right to assign to him the right to sell it on default, notwithstanding the note had been transferred without recourse. *Hunt* v. *New England Mortgage Security Co.*, supra. It effectuated the assignment of this right to him by constituting the assignee of the debt its agent for this purpose, the power containing the provision that, in case of default, the bank, "its agent or legal representative may, and by these presents is authorized to sell at public outcry," etc.

It was said in *Garrett* v. *Crawford*, supra: "That portion of the mortgage containing the power, like all other contracts, is to be construed so as to effectuate the intention of the parties, and

the power must be exercised in accordance with the intention of the parties as indicated in the clause in the mortgage conferring the power. The power is conferred for the purpose of enabling the mortgagee to collect his debt. When the debt has been paid, as between the mortgagor and the mortgagee the power is extinguished." The quoted clause does not say that the power is conferred to enable the mortgagee to collect his debt "from the mortgagor."

It will be conceded that powers of sale such as these should be strictly construed. Code, § 37-607. There was a strict compliance with the terms of the power. They were followed literally. On default, the donee of the power, through an agent, as the parties had agreed might be done, advertised and sold the property. Nothing was said in the grant of the power that it could be exercised by the donee or its agent only so long as the donee itself remained a creditor of the donor. It contained no provision that the power would be revoked whenever the creditor transferred the debt and assigned its interest in the security deed and its right, title, and interest in the property to a third person who had paid the balance due thereon. To give it the construction contended for by the defendants in error would be to supply a meaning not expressed by the words employed, and to read into it a limitation that goes beyond the language used. Construing the power strictly, and giving heed to the rule just stated, there was, in the judgment of this court, a lawful exercise of the power of sale, and, under the facts set forth in the petition, Mrs. Helen G. Gurr obtained a valid title to the land in question.

*Judgment reversed. All the Justices concur.*