### 33993.   CHAPMAN, administratrix, *v.* COMMERCIAL NATIONAL BANK, etc., *et al.*

DECIDED APRIL 19, 1952—JUDGMENT ADHERED TO ON REHEARING MAY 22, 1952.

*Maddox & Maddox,* for plaintiff in error.

*Stewart & York, Brantley Edwards,* contra.

FELTON, J. The plaintiff contends that the foreclosure and the levy and sale were void for two reasons: (1) because the foreclosure action was against "V. S. Chapman, deceased, late of said County" and that since the action was one against a dead person, it could not have been legally maintained; that the action should have been against the estate of the deceased; (2) that the estate could not be sued within the twelve months following her appointment as administratrix, and the plaintiff claims that for these reasons the court erred in finding for the bank. The contentions are without merit. The plaintiff attempts to assume two inconsistent positions. First, that the foreclosure and the levy and sale are void, and second, that she is entitled to the proceeds of the alleged void levy and sale. By claiming the proceeds of the sale the plaintiff necessarily approves the sale and cannot while assuming this position attack the levy and sale as being void. Therefore, without determining whether the levy and sale were void, since the whole action is based on the claim of the proceeds of the sale, the plaintiff will be held to be estopped to deny the validity of the sale. See in this connection *Roney* v. *Tutt,* 113 *Ga.* 815 (39 S. E. 293) and

*Parks* v. *Williams,* 137 *Ga.* 578 (2) (73 S. E. 839). There is an additional reason why contention (2) is without merit. An action to foreclose a bill of sale to secure a debt is not a suit against an administratrix which is prohibited from being brought within twelve months of her appointment. A bill of sale of personalty to secure a debt stands on the same footing as a deed to realty to secure a debt. *Merchants & Mechanics Bank* v. *Beard,* 162 *Ga.* 446, 448 (134 S. E. 107). In this case the bill of sale of personalty to secure a debt contained a power of sale that was coupled with an interest and was not revoked by the grantor's death. *Baggett* v. *Edwards,* 126 *Ga.* 463 (2) (55 S. E. 250); *Lewis* v. *King,* 165 *Ga.* 705 (2) (141 S. E. 909); *Gurr* v. *Gurr,* 198 *Ga.* 493, 505 (32 S. E. 2d, 507). The bank, if it had so wished, could have exercised that power regardless of the grantor's death. Code, § 37-607. The execution of the power to sell given in a bill of sale to secure debt is not a suit against an administratrix or the estate of the deceased grantor of the power such as would require a delay of twelve months before action can be taken. *Roland* v. *Coleman & Co.,* 76 *Ga.* 652 (3); *Baggett* v. *Edwards,* supra. So far as the twelve months prohibition of actions against an administrator is concerned, there is no difference between the exercise of a power of sale given in a bill of sale to secure a debt and the foreclosure of such bill of sale by action. *Chapman* v. *Hamilton National Bank,* 51 *Ga. App.* 74, 78 (179 S. E. 650).

The plaintiff failed to show that the bank was not entitled to the proceeds of the sale.

The court did not err in entering a judgment in favor of Commercial National Bank of Cedartown.

The original opinion is withdrawn and the foregoing is substituted therefor on rehearing.

*The judgment of affirmance is adhered to on rehearing. Sutton, C.J., and Worrill, J., concur.*