**FOURTH DIVISION**
**DOYLE, P. J.,**
**MILLER and DILLARD, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**May 1, 2014**

# In the Court of Appeals of Georgia

A14A0246. PATEL et al. v. J.P. MORGAN CHASE BANK, N.A.

DILLARD, Judge.

Mukesh and Sangeeta M. Patel (collectively, "the Patels") appeal the trial court's grant of summary judgment to J.P. Morgan Chase Bank, N.A. ("Chase Bank") and the court's reinstatement of Chase Bank's security deed on the Patels' property. The Patels argue that the trial court erred in (1) reinstating the security deed after Chase Bank cancelled it and (2) granting summary judgment to Chase Bank on the Patels' claim for wrongful foreclosure. For the reasons set forth *infra*, we affirm.

At the outset, we note that on appeal from a grant of a motion for summary judgment, we review the evidence "de novo in the light most favorable to the nonmovant to determine whether a genuine issue of fact remains and whether the

moving party is entitled to judgment as a matter of law."[1] As the moving party, Chase Bank may do so by showing the court that "the documents, affidavits, depositions, and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of the plaintiff's case."[2]

So viewed, the record reflects that on April 25, 2005, the Patels signed a security deed in favor of Chase Bank. On July 1, 2005, Chase Bank mistakenly recorded a cancellation of the security deed, which represented that the indebtedness had been paid in full. Nevertheless, it is wholly undisputed between the parties that the indebtedness was not, in fact, paid in full; that the Patels continued to make payments to Chase Bank; and that the Patels eventually defaulted on that indebtedness. In 2011, Chase Bank began non-judicial foreclosure proceedings, after which the Patels became aware of the recorded cancellation of the security deed and filed a complaint for wrongful foreclosure and unjust enrichment.

---

[1] *Burnside v. GEICO Gen. Ins. Co.*, 309 Ga. App. 897, 898 (714 SE2d 606) (2011) (punctuation omitted).

[2] *Id.* (punctuation omitted).

2

Chase Bank answered[3] and filed a counterclaim, seeking a declaratory judgment reinstating the security deed and declaring the power-of-sale provision effective. Chase Bank then sought summary judgment on the Patels' complaint and on its counterclaim. The trial court denied Chase Bank's motion as to the Patels' claim for wrongful foreclosure, granted it as to the Patels' claim for unjust enrichment, and granted it as to Chase Bank's request for declaratory judgment reinstating the security deed. Thereafter, the trial court issued an order reinstating the security deed and later granted Chase Bank's renewed motion for summary judgment on the Patels' wrongful-foreclosure claim. This appeal follows.

1. First, the Patels argue that the trial court erred by reinstating Chase Bank's security deed after Chase Bank erroneously recorded a cancellation of the deed. Specifically, the Patels contend that the negligent cancellation forfeited Chase Bank's right to a non-judicial foreclosure, that the mistake was unilateral, and that laches barred Chase Bank from asserting its rights to a non-judicial foreclosure. We disagree.

---

[3] Chase Bank first sought to remove the case to federal court, but it was remanded back to state court.

Although it is unclear why Chase Bank recorded a cancellation of the Patels' security deed only three months after the deed was signed and recorded, it is completely undisputed that the cancellation was recorded in error because the Patels had not—and have not—repaid the balance of the indebtedness. The heart of the Patels' contention in this enumeration of error is that the trial court should not have reinstated the cancelled security deed because the cancellation was the result of Chase Bank's own negligence and because Chase Bank was unaware of the cancellation until the Patels discovered it some six years after being recorded. We find these arguments unpersuasive, and we conclude that the trial court did not err in reinstating the security deed.

A deed to secure debt passes legal title to the lender when the deed to secure debt is created, and the owner has "a mere equity of redemption and right of possession of the realty until the secured debt has been satisfied in full."[4] Generally, the cancellation of a deed to secure debt results in title to the property being

---

[4] *McCarter v. Bankers Trust Co.*, 247 Ga. App. 129, 132 (2) (543 SE2d 755) (2000); *see also* OCGA § 44-14-60 ("Whenever any person in this state conveys any real property by deed to secure any debt . . . , the conveyance of real or personal property shall pass the title of the property to the grantee until the debt or debts which the conveyance was made to secure shall be fully paid.").

reconveyed to the grantor.[5] However, as a matter of law, title does not pass back to the grantor in the absence of full payment of the debt.[6] Accordingly, when, as here, a cancellation of a deed to secure debt is erroneously recorded, the grantee's security interest is *not* reconveyed.[7] Furthermore, "the sole purpose and effect of recordation of both deeds of bargain and sale and deeds and bills of sale to secure debt . . . is to afford . . . constructive notice of the existence of such deed" to third parties.[8]

---

[5] *See* OCGA § 44-14-67 (a) ("In all cases where property is conveyed to secure a debt, the surrender and cancellation of the deed, in the same manner as mortgages are canceled, on payment of the debt to any person legally authorized to receive the same, shall operate to reconvey the title of the property to the grantor or the grantor's heirs, executors, administrators, or assigns."); *Nw. Carpets, Inc. v. First Nat'l Bank of Chatworth*, 280 Ga. 535, 537 (1) (630 SE2d 407) (2006) ("[F]ull payment of the secured indebtedness, as a matter of law, passes legal title back to the grantor.").

[6] *See* OCGA § 44-14-67 (a); *Nw. Carpets*, 280 Ga. at 537 (1); *see also Taylor, Bean & Whitaker Mrtg. Corp. v. Brown*, 276 Ga. 848, 850-51 (2) (583 SE2d 844) (2003) ("[B]ecause the debt that the conveyance was made to secure has not been fully paid, [the appellee] was not entitled to cancellation of the security deed.").

[7] *See Mak v. Argent Mrtg. Co., LLC*, Civil Action No. 1:07–cv–02806-JOF, 2009 WL 2997916, at *7 (II) (B) (N.D. Ga. Sept. 15, 2009) (holding that despite erroneous cancellation of security deed, bank "retained its security interest in the property by operation of OCGA § 44-14-67 (a) because the mortgage debt had never been paid"); *accord Poff v. Bank of America*, Bank. No. 08–53493–JDW, 2010 WL 5257223, at *3 (Bankr. M.D. Ga. Dec. 17, 2010) (same).

[8] *Reidling v. Holcomb*, 225 Ga. App. 229, 230 (1) (483 SE2d 624) (1997) (punctuation omitted); *see also Glover v. Cox*, 137 Ga. 684, 690 (3) (73 SE 1068) (1912) ("The registry of a deed serves a dual function[;] it is constructive notice of

5

Here, Chase Bank sought to set aside the recorded cancellation by reinstatement of the security deed, which the trial court granted.[9] Thus, the recorded cancellation not having reconveyed title, and the trial court having reinstated the security deed, Chase Bank retained its right to exercise non-judicial foreclosure.[10] Indeed,

> [a] power of sale in a mortgage or security deed *becomes a part of the security*, conferred for the purpose of effectuating the same. It is a remedy by contract intended to substitute the remedy by law, should the creditor see fit to avail himself of it. A sale thereunder is for some purposes the equivalent of a sale under a court foreclosure. It is a distinct advantage to a creditor, whether he pleases to exercise it or not. It adds to the attractiveness of his security.[11]

---

the existence of the original deed, and permits its reception in evidence without proof of its execution."); *McElwaney v. MacDiarmid*, 131 Ga. 97, 98 (3) (62 SE 20) (1908) (holding that the recordation of a deed provides constructive notice).

[9] *See Davis v. Johnson*, 241 Ga. 436, 439 (246 SE2d 297) (1978) (reversing trial court's refusal to reinstate bank's security interest after cancellation).

[10] *See Lewis v. King*, 165 Ga. 705, 705 (2) (141 SE 909) (1928) ("[When] the title to land is conveyed to secure a debt, and the instrument is not merely a mortgage, a power of sale on failure to make payment is a power coupled with an interest . . . ." (punctuation omitted)).

[11] *Gurr v. Gurr*, 198 Ga. 493, 508-09 (4) (32 SE2d 507) (1944) (citations omitted) (emphasis supplied).

Accordingly, contrary to the Patels' argument, Chase Bank has not forfeited its right to a non-judicial foreclosure and, for the same reasons, was not unjustly enriched by the Patels' continued payments, making summary judgment appropriate.[12]

Still, the Patels contend that the trial court should not have reinstated the security deed when Chase Bank erroneously filed the cancellation and failed to discover the error. In this respect, we note that "[e]quity considers that done which ought to be done and directs its relief accordingly,"[13] and equitable relief "may be granted even in cases of negligence by the complainant if it appears that the other party has not been prejudiced thereby."[14] Here, although the initial recordation of the cancellation is unexplained and the cancellation was only discovered when the Patels admittedly defaulted on payments and Chase Bank instituted non-judicial foreclosure proceedings, it is wholly undisputed that the Patels continued to make payments on the indebtedness *after* the cancellation was recorded. The Patels have not asserted any

---

[12] *See Petrakopolous v. Vranas*, 325 Ga. App. 332, 343 (3) (d) (750 SE2d 779) (2013) ("Unjust enrichment applies when as a matter of fact there is no legal contract, but when the party sought to be charged has been conferred a benefit by the party contending an unjust enrichment which the benefitted party equitably ought to return or compensate for." (punctuation omitted)).

[13] OCGA § 23-1-8.

[14] OCGA § 23-2-32 (b).

7

prejudice by the reinstatement of the security deed,[15] and no third party relied upon the recorded cancellation in the interim. Accordingly, the trial court did not err by reinstating the security deed.[16]

2. Next, the Patels argue that the trial court erred by relying on facts not in evidence when it granted summary judgment to Chase Bank. Specifically, the Patels contend that the court expressed an opinion as to what had not been proved, in violation of OCGA § 9-10-7, and erred overall in granting summary judgment on their wrongful-foreclosure claim.

To begin with, the complained-of comment was made during the hearing on Chase Bank's renewed motion for summary judgment as to the claim of wrongful foreclosure. Prior to the hearing, the Patels filed a motion to vacate the order

---

[15] *See Waller v. Golden*, 288 Ga. 595, 597 (1) (706 SE2d 403) (2011) ("The trial court may bar a complaint based on laches when the lapse of time and the claimant's neglect in asserting rights results in prejudice to the adverse party." (punctuation omitted)); *see also Whitfield v. Whitfield*, 204 Ga. 64, 67 (2) (48 SE2d 852) (1948) ("Laches is not a matter of time but a question of inequity founded on a change in conditions.").

[16] *See G.E. Capitol Mrtg. Svcs., Inc. v. Neely*, 519 SE2d 553, 557-58 (N.C. App. 1999) (holding that trial court did not err by reinstating mistakenly cancelled deed of trust when party admitted to never having paid off the underlying debt, the error was timely realized and sought to be corrected, reinstatement was timely filed, and no third party relied upon the mistaken cancellation in the interim).

reinstating the security deed,[17] and in response to the arguments made on that motion, the trial court commented upon Chase Bank's failure to recognize the cancellation's recordation and opined that nobody seemed to know how the security deed came to be cancelled. However, this comment was made during a hearing on a motion for summary judgment and was thus in no way a violation of OCGA § 9-10-7, the purpose of which "is to prevent a *jury* from being influenced by the judge's opinion."[18]

In a separate subheading under this enumeration of error, the Patels argue that the trial court "erred by granting [Chase Bank's] summary judgment motion[,] preventing the [Patels] from proving entitlement to equitable relief and damages." In this regard, they argue that the trial court should not have granted summary judgment on their claim of wrongful foreclosure because the advertisements for the non-judicial foreclosure sale were published at a time when the security deed was recorded as cancelled and, thus, that any attempt to conduct a non-judicial foreclosure sale

---

[17] The trial court previously denied a motion for reconsideration on the earlier grant of summary judgment.

[18] *In the Interest of D. W.*, 300 Ga. App. 438, 442 (2) (685 SE2d 311) (2009); *see also* OCGA § 9-10-7 ("It is error for any judge, during the progress of any case, or in his charge to the jury, to express or intimate his opinion as to what has or has not been proved.").

"constituted an action for wrongful foreclosure." The Patels' complaint sought to enjoin the foreclosure when the security deed was recorded as cancelled, contending that the cancelled security deed would have a chilling effect on bids and result in an inability to produce a bona fide purchaser.[19] But after the trial court reinstated the cancelled security deed, the Patels' concerns were rendered moot, and summary judgment was indeed appropriate.[20] Additionally, no foreclosure sale has yet taken place.[21] In sum, the trial court properly granted summary judgment.

For all of the foregoing reasons, we affirm the trial court's judgment.

*Judgment affirmed. Doyle, P. J., and Miller, J., concur.*

---

[19] *See Gregorakos v. Wells Fargo Nat'l Assoc.*, 285 Ga. App. 744, 747-48 (2) (647 SE2d 289) (2007) ("[A] plaintiff asserting a claim of wrongful foreclosure must establish a legal duty owed to it by the foreclosing party, a breach of that duty, a causal connection between the breach of that duty and the injury it sustained, and damages." (punctuation omitted)).

[20] *Cf. Scarbrough Group v. Worley*, 290 Ga. 234, 238 (719 SE2d 430) (2011) (holding that trial court correctly granted summary judgment when plaintiff's claim for injunctive relief was rendered moot during course of litigation).

[21] *Cf. Racette v. Bank of Am., N.A.*, 318 Ga. App. 171, 174-78 (1) (a), (b) (733 SE2d 457) (2012) (holding that trial court erred in dismissing claims for wrongful foreclosure when the record showed that the appellants may have been able to establish that the published foreclosure advertisement contained inaccuracies, that the foreclosure sale was conducted in an unfair manner, and that the appellant was harmed by the defective sale).